HBGKREYP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          17 CR 712 (AJN)

5    JOSE REYES,

6              Defendant.

7    ------------------------------x

8                                     New York, N.Y.
                                      November 16, 2017
9                                     2:05 p.m.

10

     Before:
11
                     HON. ALISON J. NATHAN,
12
                                      District Judge
13

14                        APPEARANCES

15
     JOON H. KIM,
16       Acting United States Attorney for the
         Southern District of New York
17   MICHAEL McGINNIS
     RYAN FINKEL
18       Assistant United States Attorneys

19   ERIC SEARS
         Attorney for Defendant
20
     ALSO PRESENT:  HUMBERTO GARCIA, Spanish Interpreter
21

22

23

24

25

HBGKREYP

1        THE DEPUTY CLERK:  Case No. 17 MJ 6475.

2        THE COURT:  I'll take appearances from counsel,

3   starting with the government.

4        MR. FINKEL:  Good afternoon, your Honor.  Ryan Finkel

5   and Michael McGinnis, for the United States.

6        THE COURT:  Good afternoon to you both.

7        MR. McGINNIS:  Good afternoon, your Honor.

8        MR. SEARS:  Good afternoon, your Honor.  Eric Sears,

9   for Mr. Reyes, who is seated to my right.

10        THE COURT:  Good afternoon, Mr. Sears.

11        And good afternoon, Mr. Reyes.

12        We are assisted today by a Spanish-language

13   interpreter.  Mr. Reyes, are you able to hear and understand

14   the interpreter?

15        THE DEFENDANT:  Yes.

16        THE COURT:  If at any point you have difficulty either

17   understanding the translation or hearing through the equipment,

18   let me know, and we'll get it fixed before proceeding any

19   further.  Okay?

20        THE DEFENDANT:  Okay.

21        THE COURT:  Mr. Finkel, I understand we are here for a

22   waiver of indictment and arraignment on the information, and

23   Mr. Reyes has indicated he wishes to plead guilty to the one

24   count in the information.  Is that correct?

25        MR. FINKEL:  That's correct, your Honor.

HBGKREYP

1          THE COURT:  And he was presented in Magistrate's

2     Court; is that correct?

3          MR. FINKEL:  He was presented on the complaint.

4          THE COURT:  On the complaint, understood.  Thank you.

5          And, Mr. Sears, I understand your client, as you heard

6     me say, wishes to waive indictment and plead to one count of

7     the information.  Is that correct?

8          MR. SEARS:  That's correct.

9          THE COURT:  Mr. Reyes, before I accept your guilty

10    plea, I'm going to ask you certain questions, so that I can

11    establish to my satisfaction that you wish to plead guilty

12    because you are guilty and not for some other reason and also

13    to establish that you know what you will be giving up by

14    pleading guilty.  If you don't understand any of my questions

15    or if you want time to consult with your lawyer at any time or

16    for any reason, you let me know, and I will give you as much

17    time as you need.  Okay?

18          THE DEFENDANT:  Okay.

19          THE COURT:  Because I will ask you questions today,

20    I'm going to place you under oath.  I'll ask that you please

21    rise and raise your right hand.

22          (Defendant sworn)

23          THE COURT:  Thank you.  Please be seated.

24          Mr. Reyes, you're now under oath, which means that if

25    you answer any of my questions falsely, you may be prosecuted

HBGKREYP

1    for the separate crime of perjury.  Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  What is your full name?

4              THE DEFENDANT:  Jose Agustin Reyes Pado.

5              THE COURT:  How old are you?

6              THE DEFENDANT:  Twenty-eight.

7              THE COURT:  How far did you go in school?

8              THE DEFENDANT:  Up to fourth year of high school in

9    Santo Domingo.

10             THE COURT:  Have you ever been treated for any type of

11   mental illness?

12             THE DEFENDANT:  No.

13             THE COURT:  Are you now, or have you recently been,

14   under the care of a psychiatrist?

15             THE DEFENDANT:  No.

16             THE COURT:  How about a doctor?

17             THE DEFENDANT:  No.

18             THE COURT:  Have you ever been treated for any type of

19   addiction, including drug or alcohol addiction?

20             THE DEFENDANT:  No.

21             THE COURT:  Have you taken any drugs, medicine, pills

22   or alcoholic beverages in the past two days?

23             THE DEFENDANT:  No.

24             THE COURT:  Is your mind clear today?

25             THE DEFENDANT:  Yes.

HBGKREYP

1              THE COURT:  You understand what's happening here

2      today?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Does either counsel have any doubt as to

5      Mr. Reyes' competence to waive indictment and plead at this

6      time?

7              MR. SEARS:  No, I have no doubt, your Honor.

8              MR. FINKEL:  Not from the government, your Honor.

9              THE COURT:  On the basis of Mr. Reyes' responses to my

10     questions, my observations of his demeanor here in court, and

11     the representations of counsel, I do find that the defendant is

12     fully competent to waive indictment and to enter an informed

13     plea of guilty at this time.

14              Mr. Reyes, I want to confirm that you have received a

15     copy of the information in this case.  That's the document that

16     contains the charge against you.  Have you received it?

17              THE DEFENDANT:  Yes.

18              THE COURT:  Was it translated for you?

19              THE DEFENDANT:  Yes.

20              THE COURT:  You are entitled to have me read the

21     charges to you here in open court, or you can waive the public

22     reading.  Do you waive the public reading?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Have you had enough of a chance to discuss

25     with your lawyer the charge to which you intend to plead guilty

HBGKREYP

1    and any possible defenses to that charge?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Has your lawyer explained to you the

4    consequences of entering a plea of guilty?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Are you satisfied with your lawyer's

7    representation of you?

8                THE DEFENDANT:  Yes.

9                THE COURT:  I have in front of me signed copies of the

10   waiver of indictment form.  It's a new form, Mr. Finkel?  I

11   haven't seen this before.

12               MR. FINKEL:  As I understand it, it's from the U.S.

13   court's website, so...

14               THE COURT:  All right.

15               I'm going to place the original -- mark it as Court

16   Exhibit 1 and place the original in front of Mr. Reyes.

17               Mr. Reyes, do you have the document in front of you?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Is that your signature on the waiver of

20   indictment form?

21               THE DEFENDANT:  Yes.

22               THE COURT:  And you signed it today; is that correct?

23               THE DEFENDANT:  Yes.

24               THE COURT:  You signed it in the presence of your

25   lawyer?

HBGKREYP

1              THE DEFENDANT:  Yes.

2              THE COURT:  And before you signed it, did you discuss

3    it with your lawyer?

4              THE DEFENDANT:  Yes.

5              THE COURT:  With the aid of an interpreter, did he

6    explain it to you?

7              THE DEFENDANT:  Yes.

8              THE COURT:  You understand that you're under no

9    obligation to waive indictment?

10             THE DEFENDANT:  Yes.

11             THE COURT:  If you don't waive the indictment, and the

12   government wants to prosecute you, it would have to present the

13   case to a grand jury, which may or may not indict you.  Do you

14   understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  You understand that by waiving indictment,

17   you are giving up your right to have this case presented to a

18   grand jury?  Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you understand what a grand jury is?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Does either counsel know of any reason I

23   should not find that the defendant has knowingly and

24   voluntarily waived his right to be indicted by a grand jury?

25             MR. FINKEL:  No, your Honor.

HBGKREYP

1          MR. SEARS:  No reason, your Honor.

2          THE COURT:  I find the defendant has knowingly and

3    voluntarily waived his right to be indicted by a grand jury.  I

4    do authorize the filing of the information.  I'll ask my deputy

5    to retrieve the original, so that I can sign it.

6          Mr. Finkel, are these all originals that have been

7    handed to me, or are they copies?

8          MR. FINKEL:  We have handed up the originals.

9          THE COURT:  Okay.

10          Mr. Reyes, I'm now requesting to explain certain

11    constitutional rights that you have.  These are rights that you

12    will be giving up by pleading guilty.  Please listen carefully

13    to everything that I am about to say, and, again, if there's

14    anything that you don't understand, let me know, and either I

15    or your lawyer will explain the matter more fully.

16          Under the Constitution and laws of the United States,

17    you have a right to plead not guilty to the charge in the

18    information.  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you did plead not guilty, you'd be

21    entitled to a speedy and public trial by a jury on the charges

22    contained in the information.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  At a trial, you would be presumed to be

25    innocent, and the government would be required to prove you

HBGKREYP

guilty by competent evidence beyond a reasonable doubt before you could be found guilty.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  A jury of 12 people would have to agree unanimously that you were guilty, and you would not have to prove that you were innocent if you were to go to trial.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At that trial, and at every stage of your case, you would be entitled to be represented by a lawyer.  If you couldn't afford a lawyer, one would be appointed at public expense; that is, free of cost to you, to represent you.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  During a trial, the witnesses for the government would have to come to court, testify in your presence, you could cross-examine the witnesses for the government, object to evidence offered by the government, and offer evidence on your own behalf if you so desired.  You would have the right to have subpoenas issued or other process used to compel witnesses to testify in your defense.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At a trial, although you would have the right to testify if you chose to do so, you would also have the

HBGKREYP

1    right not to testify.  If you decided not to testify, no one,

2    including the jury, could draw any inference or suggestion of

3    guilt from the fact that you did not testify.

4              Do you understand that?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that by pleading guilty,

7    you're giving up your right to seek suppression of any evidence

8    against you?

9              THE DEFENDANT:  Yes.

10             THE COURT:  If you were convicted at a trial, you

11   would have the right to appeal that verdict.  Do you understand

12   that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  So, even now, as you're here entering this

15   plea, you do have the right to change your mind, plead not

16   guilty, and go to trial on the charge contained in the

17   information.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  But if you plead guilty, and if I accept

20   your plea, you'll give up your right to a trial and the other

21   rights I've just discussed, other than the right to a lawyer,

22   which you have regardless of whether or not you plead guilty.

23   But if you plead guilty, there will be no trial, and I will

24   enter a judgment of guilty, and then at a later date, I'll

25   sentence you on the basis of your plea after I have considered

HBGKREYP

a presentence report and whatever submissions I get from your

lawyer and from the government.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  But if you plead guilty, there will be no

trial and no appeal with respect to whether you did or did not

commit this crime.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you plead guilty, you will also have to

give up your right not to incriminate yourself, because I'll

ask you questions about what you did in order to satisfy myself

that you are guilty as charged, and you will have to admit and

acknowledge your guilt.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Reyes, are you willing to give up your

right to a trial and the other rights I've just discussed with

you?

THE DEFENDANT:  Yes.

THE COURT:  Turning to the charge against you in the

information, do you understand that you have been charged with

participating in a conspiracy to distribute 500 grams or more

of mixtures and substances containing a detectable amount of

cocaine, in violation of 21, United States Code, Sections

841(b)(1)(b) and Section 846?

Do you understand that that's the charge against you

HBGKREYP

1     in the information?

2                THE DEFENDANT:  Yes.

3                THE COURT:  Mr. Finkel, I'll ask you to state the

4     elements of the crime in question, please.

5                MR. FINKEL:  Your Honor, the government would be

6     required to prove beyond a reasonable doubt:  First, that there

7     was an agreement to violate the federal narcotics laws; and,

8     second, that the defendant knowingly and voluntarily became a

9     member of the charged conspiracy.  Here, the object of the

10    conspiracy was to distribute 500 grams and more of mixtures and

11    substances containing detectable amounts of cocaine, in

12    violation of Title 21, United States Code, Sections 841(a)(1)

13    and 841(b)(1)(B).

14                In addition, the government would need to prove by a

15    preponderance of the evidence that venue in the Southern

16    District is proper.

17                THE COURT:  Thank you.

18                Mr. Reyes, did you hear the lawyer from the government

19    state the elements of the offense in question?

20                THE DEFENDANT:  Yes.

21                THE COURT:  If you were to go to trial, the government

22    would have to prove all of those elements beyond a reasonable

23    doubt.  Do you understand that?

24                THE DEFENDANT:  Yes.

25                THE COURT:  Now I'm going to talk to you about the

HBGKREYP

1   maximum and minimum penalties you face for this crime.

2   Beginning with the maximum, the maximum means the most that

3   could possibly be imposed.  It doesn't mean that's what you

4   necessarily will receive, but you do have to understand that by

5   pleading guilty, you are exposing yourself to the possibility

6   of receiving any combination of punishments up to the maximum

7   that I am about to describe.

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  So, first, I'm going to talk to you about

11   the maximum possible restrictions on your liberty.

12             The maximum term of imprisonment for this crime is 40

13   years.  Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Any term of imprisonment could be followed

16   by up to a lifetime of supervised release.  Do you understand

17   that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And supervised release, to pause on that

20   term for a moment, that means you would be subject to

21   supervision by the probation department.  If you were to

22   violate those rules -- there would be rules of supervision you

23   would have to follow, and if you were to violate any of those

24   rules, you can be returned to prison without a jury trial to

25   serve additional time, with no credit for time you served in

HBGKREYP

1  prison as a result of your sentence and no credit for any time

2  spent on postrelease supervision.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  In addition to understanding the maximum

6  punishment that can be imposed, you should also understand that

7  there are mandatory minimum punishments that attach to the

8  crime that you are pleading guilty to.  Here, Count One carries

9  a mandatory minimum punishment of five years' imprisonment.

10         Do you understand that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  And it also carries a mandatory minimum

13 punishment of four years of supervised release.  Do you

14 understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  In this case, even though there is a

17 mandatory minimum term of five years' imprisonment and the four

18 years of supervised release, the government indicates that it

19 believes if you comply with certain conditions, they will agree

20 that you could be sentenced below the mandatory minimum under

21 something called the safety-valve statute.

22         Do you understand that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  It's important to understand, you're only

25 eligible for that kind of treatment if certain facts apply to

HBGKREYP

1     your case.  It's up to me to decide whether they do, and I

2     can't make a decision about that until the time of sentencing.

3                 Do you understand that?

4                 THE DEFENDANT:  Yes.

5                 THE COURT:  Do you understand that if I decide I have

6     to impose the mandatory minimum sentence, you will not have the

7     right to withdraw your plea of guilty?  Do you understand that?

8                 THE DEFENDANT:  Yes.

9                 THE COURT:  In addition to the restrictions on your

10    liberty that I have described, the maximum possible punishment

11    also includes certain financial penalties.  Here, the maximum

12    allowable fine is $5 million, or twice the gross gain derived

13    from the offense, or twice the gross loss to persons other than

14    yourself, whichever is greater.  In addition, I can order

15    restitution to any person or entity injured as a result of your

16    criminal conduct, and I can also order you to forfeit all

17    property derived from the offense or used to facilitate the

18    offense.  Finally, I must order a mandatory special assessment

19    of $100.

20                Do you understand that what I have just described are

21    the maximum possible financial penalties you face for this

22    crime?

23                THE DEFENDANT:  Yes.

24                THE COURT:  Mr. Reyes, are you a United States

25    citizen?

HBGKREYP

1          THE DEFENDANT:  No.

2          THE COURT:  Do you understand that as a result of your

3     guilty plea, it makes it very likely that your deportation from

4     the United States is presumptively mandatory, and that, at a

5     minimum, you're at risk of being deported or suffering other

6     adverse immigration consequences?  Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And you will have no right to withdraw

9     your guilty plea based on any actual or perceived adverse

10    immigration consequences, including deportation, resulting from

11    your guilty plea and conviction as described in your plea

12    agreement.  Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Have you discussed these issues with your

15    lawyer?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that -- well, let me

18    ask:  Are you serving any other sentence, state or federal, or

19    being prosecuted in state court for any crime?

20         THE DEFENDANT:  No.

21         THE COURT:  I want to make sure you understand that if

22    your lawyer or anyone else has attempted to predict what your

23    sentence will be, that that prediction could be wrong.  No

24    one -- not your lawyer, not the government's lawyer, no one --

25    can give you any assurance of what your sentence will be

HBGKREYP

1    because I'm going to decide your sentence, and I am not going

2    to do that now.  I'm going to wait until I receive a

3    presentence report prepared by the probation department, I'll

4    do my own independent calculation of the sentencing guideline

5    range, I'll consider it and any possible departures from it and

6    determine what a reasonable sentence is for you based on the

7    sentencing factors contained in the statute called 18, U.S.C.,

8    Section 3553(a).

9              Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And you've discussed these issues with

12   your attorney?

13             THE DEFENDANT:  Yes.

14             THE COURT:  So, even if your sentence is different

15   from what your lawyer or anyone else has told you it might be,

16   even if it's different from what you expect or what's contained

17   in the written plea agreement that you entered into with the

18   government, you will still be bound by your guilty plea and

19   will not be allowed to withdraw your plea of guilty.

20             Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I understand that there is a written plea

23   agreement entered into between you and your lawyer and the

24   lawyer for the government.  Is that correct?

25             THE DEFENDANT:  Yes.

HBGKREYP

1          THE COURT:  I have the original of the plea agreement

2     here in front of me.  It's dated, on the front page,

3     October 24th, 2017, and it's six pages long.  I'll ask my

4     deputy to mark it as Court Exhibit 2 and place the original in

5     front of Mr. Reyes.

6          Mr. Finkel, I will ask, after we're finished

7     discussing it, that the government maintain the original of the

8     plea agreement in its records, please.

9          MR. FINKEL:  That's fine.  Thanks, your Honor.

10         THE COURT:  Thank you.

11         The government will also maintain the original of the

12    waiver of indictment, please.

13         MR. FINKEL:  Very well.

14         THE COURT:  Mr. Reyes, you have the original plea

15    agreement in front of you?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And on the front page, is it dated

18    October 24th, 2017?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And is it six pages long?

21         THE DEFENDANT:  Yes.

22         THE COURT:  And on the last page, the sixth page, is

23    that your signature?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Did you sign that today?

HBGKREYP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Did you sign it in the presence of your

3    attorney?

4              THE DEFENDANT:  Yes.

5              THE COURT:  At some point before you signed it, was

6    the document translated for you?

7              THE DEFENDANT:  Yes.

8              THE COURT:  And did you discuss it with your lawyer

9    before you signed it?

10             THE DEFENDANT:  Yes.

11             THE COURT:  You believe you fully understood it before

12   you signed it?

13             THE DEFENDANT:  Yes.

14             THE COURT:  One of the features of your agreement with

15   the government is that you've agreed on a guideline range that

16   applies to this case, something called the stipulated guideline

17   range.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And in your agreement with the government,

20   the stipulated guideline range is 24 to 30 months, with a

21   mandatory minimum term of 60 months' imprisonment.  Do you

22   understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  It is important to understand that that

25   agreement is binding on you, it's binding on the government,

HBGKREYP

1    it's not binding on me.  I do have my own obligation to

2    determine the correct guideline range and what the appropriate

3    sentence is in your case.  I'm not saying I'll come up with any

4    range different from the one you agreed to with the government,

5    but if I do, I'll not let you withdraw your plea even if the

6    range I determine is higher than the one that you agreed to

7    with the government.

8            Do you understand that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  In your plea agreement, you have waived

11   your right to appeal or otherwise challenge any sentence that

12   is 30 months or below, in other words --

13           Actually, let me ask Mr. Finkel:  The language here

14   with respect to the possibility of safety-valve eligibility,

15   the waiver says that -- "waives any right to challenge or

16   appeal any sentence below 30 months," but then it says, "even

17   if the Court denies the defendant's application for

18   safety-valve relief."  So, what position, then, is that waiver

19   if I were to sentence him to -- if I determine that he is not

20   safety-valve eligible and sentence him to the mandatory minimum

21   of 60 months?  Does the government understand there to be a

22   waiver there or not?

23           MR. McGINNIS:  One moment, your Honor?

24           THE COURT:  Sure.

25           (Pause)

HBGKREYP

1          MR. FINKEL:  It's the government's understanding that

2     if the Court sentences the defendant to a mandatory minimum of

3     60 months, that would not constitute a waiver of his appellate

4     rights.

5          THE COURT:  So the basic understanding is if he's

6     safety-valve eligible and -- if he's safety-valve eligible, and

7     I sentence him without consideration on the mandatory minimum,

8     then he has waived his right to challenge any sentencing that

9     is 30 months or below, but if he's not safety-valve eligible,

10     and I sentence him to the mandatory minimum sentence of 60

11     months, then he's also waived his right to appeal or challenge

12     that sentence?

13          MR. FINKEL:  No.  In the second case, he would not

14     have waived his right to appeal or challenge his sentence.

15          THE COURT:  Reading back what you said to me first --

16     oh, you said it would not constitute a waiver?

17          MR. FINKEL:  That's right.

18          THE COURT:  Okay.  So, that second clause there in the

19     waiver doesn't -- no work, it is simply a waiver for any

20     sentence 30 months or below?

21          MR. FINKEL:  That's correct.

22          THE COURT:  Okay.

23          MR. SEARS:  That's my understanding as well, your

24     Honor.

25          THE COURT:  All right.  Thank you, Mr. Sears.

HBGKREYP

1          Maybe think about what that sentence does.

2          MR. FINKEL:  Will do.

3          THE COURT:  Mr. Reyes, you heard the discussion.  Just

4    to be clear, in your agreement, you have waived your right to

5    appeal or otherwise challenge any sentence that is 30 months or

6    below.  In other words, if I sentence you to 30 months or

7    anything less than 30 months, you have no right to appeal or

8    otherwise try to challenge that sentence.

9          Do you understand that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Does this written plea agreement that we

12    have been discussing -- well, let me first ask counsel:  Are

13    there any other aspects of the plea agreement that you would

14    like me to highlight at this time?

15          MR. SEARS:  I have none, your Honor.

16          MR. FINKEL:  None from the government.

17          THE COURT:  Mr. Reyes, does this written plea

18    agreement that we have been discussing constitute your complete

19    and total understanding of the entire agreement between you and

20    the government?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Other than what's written in this

23    agreement, has anyone made you any promise or offered you any

24    inducement to plead guilty or to sign this agreement?

25          THE DEFENDANT:  No.

HBGKREYP

1          THE COURT:  Has anyone threatened you or forced you to

2     plead guilty or to sign the plea agreement?

3          THE DEFENDANT:  No.

4          THE COURT:  Has anyone made a promise to you as to

5     what your sentence will be?

6          THE DEFENDANT:  No.

7          THE COURT:  Thank you.

8          Mr. Sears, you can pass the original of the agreement

9     to the government for maintenance in their records, please.

10    Thank you.

11         Mr. Reyes, what I am going to ask you to do now is to

12    tell me in your own words what you did that makes you believe

13    that you are guilty of Count One charged in the information.

14         THE DEFENDANT:  During sometime in August of 2017, I

15    agreed with others to possess and to help distribute 500 grams

16    and more of cocaine.  This conduct took place in Manhattan, and

17    I knew that what I was doing was illegal.

18         THE COURT:  Thank you.

19         Mr. Reyes, I'll note that in telling me what you did,

20    you read from a prepared statement, and I appreciate that

21    effort to be prepared for the sentencing proceeding.  I do just

22    want to make sure that you understood everything that you said

23    to me?

24         THE DEFENDANT:  Yes.

25         THE COURT:  And you accept those words fully as your

HBGKREYP

1    own?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Finkel, are there any questions that

4    you would like me to ask the defendant?

5              MR. FINKEL:  No, your Honor.

6              THE COURT:  Mr. Sears, do you know of any valid

7    defense that would likely prevail at trial or any reason why

8    your client should not be permitted to plead guilty?

9              MR. SEARS:  I know of no reason, and I am not aware of

10   any valid defense, your Honor.

11             THE COURT:  Mr. Finkel, I will ask the government to

12   make a proffer to the Court as to what the evidence would

13   consist of and what it would show with respect to Mr. Reyes if

14   we were to proceed to trial.

15             MR. FINKEL:  Your Honor, the evidence that would be

16   introduced at trial would include the defendant's statements

17   regarding the offense conduct, text messages to the defendant

18   discussing the purchase and sale of cocaine, law enforcement

19   testimony regarding the arrest and seizure of cocaine from the

20   defendant and his automobile, and lab results showing that the

21   substance that was seized contained cocaine.

22             THE COURT:  Thank you.

23             I'm going to ask Mr. Reyes in a moment to enter a

24   formal plea of guilty.  Before I do, let me just confirm one

25   last time with both counsel if you know of any reason I should

HBGKREYP

1    not accept the defendant's plea of guilty?

2              MR. FINKEL:  No, your Honor.

3              MR. SEARS:  I know of none, your Honor.

4              THE COURT:  Mr. Reyes, based on everything that we

5    have discussed, I'll ask for your formal entry of plea.  How do

6    you plead to Count One, as charged in the information?

7              THE DEFENDANT:  Guilty.

8              THE COURT:  Mr. Reyes, because you acknowledge that

9    you're, in fact, guilty as charged in the information, because

10   I'm satisfied that you know your rights, including your right

11   to go to trial, and that you're aware of the consequences of

12   your plea, including the sentence which may be imposed, and

13   because I find that you are knowingly and voluntarily pleading

14   guilty, I accept your guilty plea and enter a judgment of

15   guilty on Count One of the information.

16             I order the preparation of a presentence report.

17             Mr. Reyes, the probation department will want to

18   interview you in connection with the presentence report that it

19   will prepare.

20             Mr. Sears, does defense counsel wish to be present for

21   any interview in connection with that report?

22             MR. SEARS:  Yes, your Honor.

23             THE COURT:  I order there be no interview unless

24   counsel is present.

25             Mr. Reyes, if you choose to speak to the probation

HBGKREYP

1    department, please make sure that anything you say is truthful

2    and accurate.  I'll read the report carefully, and it's

3    important to me in deciding what sentence to impose.  You and

4    your counsel have a right to examine the report and comment on

5    it at the time of sentencing.  I do urge you to read it and

6    discuss it with your lawyer before sentencing.  If there are

7    any mistakes in it, please point them out to your lawyer, so

8    that he can bring them to my attention before sentencing.

9         I would seek a date from my deputy for three months

10   out, unless there are any requests regarding scheduling of

11   sentencing.

12        MR. SEARS:  Nothing in particular, your Honor.

13        MR. FINKEL:  None from the government.

14        THE COURT:  All right.  A date?  March 2nd, 2018, at

15   10:00 a.m.  Okay?

16        MR. SEARS:  That's fine.  Thank you.

17        THE COURT:  Sentencing is hereby set for that date and

18   time.

19        I direct the government to provide the probation

20   officer with its factual statement within seven days.

21   Mr. Sears, please arrange for the defendant to be interviewed

22   which the probation department within the next two weeks.

23        I do refer counsel to my individual rules and

24   practices for criminal cases, available on the Court's website,

25   which contain some rules regarding sentencing submissions.  In

HBGKREYP

1   accordance with those rules, the defense submission is due one

2   week prior to sentencing, and the government's submission is

3   due three days prior to sentencing.  The defendant shall remain

4   in custody pending sentencing.

5          Counsel, is there anything else that I can address at

6   this time?

7          MR. FINKEL:  No, your Honor.

8          MR. SEARS:  I have nothing, your Honor.

9          THE COURT:  Thank you very much.  I'll see you in

10  March.  We are adjourned.

11         MR. FINKEL:  Thank you, your Honor.

12                              * * *